**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **CHRISTOPHER M. H.,** | * |
| **Plaintiff,** | * |
| vs. | *   Civil Action No.   ADC-19-655 |
| **COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,**[1] | * |
| **Defendant.** | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

On March 1, 2019, Christopher M. H. ("Plaintiff") Petitioned this Court to review the Social Security Administration's ("SSA") final decision to deny his claim for Supplemental Security Income ("SSI"). *See* ECF No. 1 (the "Complaint"). After consideration of the Complaint and the parties' cross-motions for summary judgment (ECF Nos. 14, 19), the Court finds that no hearing is necessary. *See* Loc.R. 105.6 (D.Md. 2018). In addition, for the reasons that follow, Plaintiff's Motion for Summary Judgment (ECF No. 14) and Defendant's Motion for Summary Judgment (ECF No. 19) are DENIED, the decision of the SSA is REVERSED IN PART, and the case is REMANDED to the SSA for further analysis in accordance with this opinion.

**PROCEDURAL HISTORY**

On May 26, 2015, Plaintiff filed a Title XVI application for SSI, alleging disability beginning on November 1, 2014. His claims were denied initially and upon reconsideration on November 17, 2015, and February 10, 2016, respectively. On February 26, 2016, Plaintiff filed a

---

[1] Currently, Andrew Saul serves as the Commissioner of the Social Security Administration.

1

written request for a hearing and, on January 11, 2018, an Administrative Law Judge ("ALJ") presided over a hearing. On May 2, 2018, the ALJ rendered a decision ruling that Plaintiff "ha[d] not been under a disability within the meaning of the Social Security Act [the "Act"] since May, 26, 2015, the date the application was filed." ECF No. 11 at 24.[2] Thereafter, Plaintiff filed an appeal, and on December 19, 2018, the Appeals Council affirmed the ALJ's decision. Thus, the decision rendered by the ALJ became the final decision of the SSA. *See* 20 C.F.R. § 416.1481 (2018); *see also Sims v. Apfel*, 530 U.S. 103, 106–07 (2000).

On March 1, 2019, Plaintiff filed the Complaint in this Court seeking judicial review of the SSA's denial of his disability application. On October 10, 2019, Plaintiff filed a Motion for Summary Judgment, and Defendant filed a Motion for Summary Judgment on March 2, 2020. Plaintiff filed a response on March 11, 2020.[3] This matter is now fully briefed, and the Court has reviewed both parties' motions.

## STANDARD OF REVIEW

"This Court is authorized to review the [SSA]'s denial of benefits under 42 U.S.C. § 405(g)." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted). The Court, however, does not conduct a *de novo* review of the evidence. Instead, the Court's review of an SSA decision is deferential, as "[t]he findings of the [SSA] as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g); *see Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996) ("The duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court."); *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986) ("We do not

---

[2] The Court cites to the page numbers generated by the CM/ECF filing system.

[3] On April 10, 2020, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302 of the United States District Court for the District of Maryland and upon consent of the parties, this case was transferred to United States Magistrate Judge A. David Copperthite for all proceedings.

conduct a *de novo* review of the evidence, and the [SSA]'s finding of non-disability is to be upheld, even if the court disagrees, so long as it is supported by substantial evidence." (citations omitted)). Therefore, the issue before the reviewing court is not whether the plaintiff is disabled, but whether the ALJ's finding that the plaintiff is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) ("[A] reviewing court must uphold the [disability] determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." (citation and internal quotation marks omitted)).

"Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (internal citations and quotation marks omitted). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (internal citations and quotation marks omitted). Therefore, in conducting the "substantial evidence" inquiry, the court shall determine whether the ALJ has considered all relevant evidence and sufficiently explained the weight accorded to that evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

### **DISABILITY DETERMINATIONS AND BURDEN OF PROOF**

In order to be eligible for DIB and/or SSI, a claimant must establish that he is under disability within the meaning of the Act. The term "disability," for purposes of the Act, is defined as the "inability to engage in any substantial gainful activity by reason of any medically

determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). A claimant shall be determined to be under disability where "his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

In determining whether a claimant has a disability within the meaning of the Act, the ALJ, acting on behalf of the SSA, follows the five-step evaluation process outlined in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015). The evaluation process is sequential, meaning that "[i]f at any step a finding of disability or nondisability can be made, the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, the ALJ considers the claimant's work activity to determine if the claimant is engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 404.1520(b), 416.920(a)(4)(i), 416.920(b).

At step two, the ALJ considers whether the claimant has a "severe medically determinable physical or mental impairment [or combination of impairments] that meets the duration requirement[.]" 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments meeting the durational requirement of twelve months, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.909, 416.920(a)(4)(ii), 416.920(c).

At step three, the ALJ considers whether the claimant's impairments, either individually or in combination, meet or medically equal one of the presumptively disabling impairments listed in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, then the claimant is considered disabled, regardless of the claimant's age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

Prior to advancing to step four of the sequential evaluation, the ALJ must assess the claimant's residual functional capacity ("RFC"), which is then used at the fourth and fifth steps of the analysis. 20 C.F.R. §§ 404.1520(e), 416.920(e). RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The ALJ must consider even those impairments that are not "severe." 20 C.F.R. § 404.1545(a)(2).

In determining RFC, the ALJ evaluates the claimant's subjective symptoms (e.g., allegations of pain) using a two-part test. *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996); 20 C.F.R. § 404.1529. First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the actual alleged symptoms. 20 C.F.R. § 404.1529(b). Once the claimant makes that threshold showing, the ALJ must evaluate the extent to which the symptoms limit the claimant's capacity to work. 20 C.F.R. § 404.1529(c)(1). At this second stage, the ALJ must consider all the available evidence, including medical history, objective medical evidence, and statements by the claimant. 20 C.F.R. § 404.1529(c). The ALJ must assess the credibility of the claimant's statements, as symptoms can sometimes manifest at a greater level of severity of impairment than is shown by solely objective

medical evidence. SSR 16-3p, 2017 WL 5180304, at *2–13 (Oct. 25, 2017). To assess credibility, the ALJ should consider factors such as the claimant's daily activities, treatments he has received for his symptoms, medications, and any factors contributing to functional limitations. *Id.* at *6–8.

At step four, the ALJ considers whether the claimant is able to perform past relevant work based on the determined RFC. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still perform past relevant work, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f).

Where the claimant is unable to resume past relevant work, the ALJ proceeds to the fifth and final step of the sequential analysis. During steps one through four of the evaluation, the claimant has the burden of proof. 20 C.F.R. §§ 404.1520, 416.920; *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); *Radford*, 734 F.3d at 291. At step five, however, the burden of proof shifts to the ALJ to prove: (1) that there is other work that the claimant can do, given the claimant's age, education, work experience, and RFC (as determined at step four), and; (2) that such alternative work exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *see Hancock*, 667 F.3d at 472–73; *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). If the claimant can perform other work that exists in significant numbers in the national economy, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g)(1), 404.1560(c), 416.920(a)(4)(v). If the claimant cannot perform other work, then the claimant is disabled. *Id.*

### ALJ D<small>ETERMINATION</small>

In the instant matter, the ALJ performed the sequential evaluation and found at step one that Plaintiff "ha[d] not engaged in substantial gainful activity since May 26, 2015, the application date." ECF No. 11 at 25. At step two, the ALJ found that Plaintiff had severe impairments of

"generalized anxiety disorder, dysthymia, major depressive disorder (with psychotic features), and substance abuse." *Id.* At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1. *Id.* at 26. The ALJ then determined that Plaintiff had the RFC:

> to perform a full range of work at all exertional levels but with the following non-exertional limitations: simple routine tasks in an entry level unskilled position; routine customary breaks after about 2-hour periods of work; a low stress job defined as only occasional independent decision-making and only occasional changes in the workplace setting; only occasional interactions with the public, co-workers, and supervisors; interactions with the public should be brief and superficial; no significant reading/writing as part of the job duties; and no fast-paced production work.

*Id.* at 27. The ALJ then determined at step four that Plaintiff had no past relevant work. *Id.* at 32. Finally, at step five, the ALJ found "[c]onsidering [Plaintiff's] age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." *Id.* Thus, the ALJ concluded that Plaintiff "ha[d] not been under a disability, as defined in the [Act], since May 26, 2015, the date the application was filed." *Id.* at 33.

## DISCUSSION

Plaintiff raises two allegations of error on appeal: (1) the ALJ posed an improper hypothetical to the Vocational Expert ("VE") by using the term "fast-pace production rate work"[4] without defining it;[5] and (2) the ALJ's step five determination was not supported by substantial

---

[4] The ALJ used the term "fast-paced production work" in his RFC finding, ECF No. 11 at 27, and used the term "fast-paced production rate work" in his hypothetical to the VE at the hearing, *id.* at 68.

[5] The Court notes this argument could also be framed as a challenge to the ALJ's RFC finding. *See Ursula G. v. Comm'r, Soc. Sec. Admin.*, No. SAG-18-1841, 2019 WL 2233978, at *2 (D.Md. May 23, 2019) (considering use of the term "production pace" and noting the challenge to the term

evidence because he failed to resolve a conflict between the VE's recommendations and Plaintiff's reading ability. The Court agrees with Plaintiff's first argument, and remand is warranted on this ground.

The Commissioner employs VEs to offer evidence as to whether a claimant possesses the RFC to meet the demands of past relevant work or adjust to other existing work. 20 C.F.R. §§ 404.1560(b)–(c), 416.960(b)–(c). The VE may respond to a hypothetical about a person "with the physical and mental limitations imposed by the claimant's medical impairment(s)." 20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2). "In order for a vocational expert's opinion to be relevant or helpful, it must be based upon a consideration of all other evidence in the record, and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments." *Hines v. Barnhart*, 453 F.3d 559, 566 (4th Cir. 2006) (quoting *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989)). "[A] hypothetical question is unimpeachable if it adequately reflects a [RFC] for which the ALJ had sufficient evidence." *Fisher v. Barnhart*, 181 F.App'x 359, 364 (4th Cir. 2006) (per curiam) (internal quotation marks omitted) (emphasis omitted) (quoting *Johnson*, 434 F.3d at 659).

Plaintiff challenges the ALJ's use of the term "fast-paced production work," as the ALJ did not properly define the term. ECF No. 14-1 at 9–13. Plaintiff points to the Fourth Circuit's opinion in *Thomas v. Berryhill*, 916 F.3d 307 (4th Cir. 2019), to bolster his argument that the ALJ's use of this term is a basis for remand. *Id.* at 10. In *Thomas v. Berryhill*, the Fourth Circuit found that the underlying ALJ's analysis "fail[ed] to provide a logical explanation of how she weighed the record evidence and arrived at her RFC findings." 916 F.3d at 311. One of the four errors the court found the ALJ made during the RFC analysis was that the ALJ did not provide the

---

could be presented either to step five or to the RFC analysis because "the deficient RFC assessment would also infect the hypothetical based on that assessment").

8

court "enough information to understand" the restriction that claimant "could not perform work 'requiring a production rate or demand pace.'" *Id.* at 311–12. The Fourth Circuit found that "[c]ombined, the above-listed missteps in the ALJ's RFC evaluation frustrate our ability to conduct meaningful appellate review." *Id.* at 312.

In interpreting *Thomas v. Berryhill*, this Court has encountered two categories of scenarios regarding an ALJ's use of "production rate pace," or similar terms: scenarios in which the ALJ provided a definition for the term, and scenarios in which the ALJ did not. In *Teresa B. v. Commissioner, Social Security Administration*, No. SAG-18-2280, 2019 WL 2503502 (D.Md. June 17, 2019), the ALJ in the underlying decision "included an RFC provision limiting Plaintiff to 'no work requiring a high-quota production-rate pace (i.e., rapid assembly line work where co-workers are side-by-side and the work of one affects the work of the other)." *Id.* at *2. The Court in this case found that the ALJ's use of "production-rate pace" was acceptable because he included a definition for the term immediately thereafter. *Id.* On the other hand, in *Travis X. C. v. Saul*, No. GJH-18-1210, 2019 WL 4597897 (D.Md. Sept. 20, 2019), the ALJ in the underlying decision included an RFC provision that the plaintiff "can perform jobs consisting of simple (1- to 3-step tasks), routine, and repetitive tasks, in a work environment without production rate pace." *Id.* at *2. The ALJ in that case did not include a definition or explanation of what he meant by "production rate pace." *Id.* at *5. The Court, therefore, found "the ALJ did not provide the proper 'logical bridge'" to support his use of the term "production rate pace," and the Court was "left to guess" the basis of the term, warranting remand. *Id.*

Here, this case is more analogous to *Travis X. C.* than to *Theresa B.* The ALJ failed to provide a definition, explanation, or anything else serving as a "logical bridge" to unlock the meaning of his use of the term "fast-paced production work." The term was not explained in the

9

ALJ's RFC analysis, nor did the ALJ explain the term to the VE when posing the hypothetical containing the term. *See* ECF No. 11 at 28–32, 68–69. Accordingly, the ALJ erred by failing to elaborate on this term, and he presented an improper hypothetical to the VE. Remand is therefore necessary to provide a proper definition of the term "fast-paced production rate work." In light of this basis for remand, the Court need not discuss Plaintiff's second allegation of error. On remand, the ALJ can consider those arguments and determine whether the Plaintiff's reading ability conflicts with the VE's recommended jobs and/or the Dictionary of Occupational Titles.

## CONCLUSION

In summation, the Court finds that the ALJ improperly found that Plaintiff was "not disabled" within the meaning of the Act from May 26, 2015, through the date of his opinion. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. Therefore, based on the foregoing, Plaintiff's Motion for Summary Judgment (ECF No. 14) is DENIED, Defendant's Motion for Summary Judgment (ECF No. 19) is DENIED, and the decision of the SSA is REMANDED for further proceedings in accordance with this opinion. In so holding, the Court expresses no opinion as to the validity of the ALJ's ultimate disability determination. The clerk is directed to CLOSE this case.

Date:  May 20, 2020                                                              /s/
                                                                    A. David Copperthite
                                                                    United States Magistrate Judge